# United States Court of Appeals for the Fifth Circuit

———————

No. 22-60635
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2023

Lyle W. Cayce
Clerk

Rafael Antonio Ayala-Flores,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 801 476

———————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Rafael Antonio Ayala-Flores, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) ordering him removed and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60635

We review the BIA's decision and consider the IJ's ruling only to the extent it influenced that of the BIA. *E.g.*, *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Factual determinations that an alien is ineligible for asylum, withholding of removal, and CAT protection are reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (emphasis in original) (citation omitted).

For his asylum claim, Ayala had the burden of showing he suffered past-persecution or had "a well-founded fear of persecution on account of" a protected ground. *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014) (citation omitted). In this context, "on account of" means the protected ground "was or will be at least one central reason" for the persecution. *Id.* (citation omitted).

Ayala maintains a man believed to have killed his father threatened Ayala in response to his filing a police report regarding the murder. Assuming this amounted to persecution, Ayala fails to demonstrate the threats were sufficiently related to a protected ground. Rather, the record supports the BIA's finding that the man was motivated by retaliation against Ayala for filing the report and to avoid prosecution. Substantial evidence therefore supports the BIA's finding Ayala failed to show the requisite nexus for asylum. *See id* at 364.

Because Ayala fails to establish his eligibility for asylum, he cannot meet the higher burden for withholding of removal. *E.g.*, *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012). Further, because his failure to demonstrate the requisite nexus is dispositive as to asylum and withholding of removal, we need not address his remaining arguments concerning those forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and

agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.'').

Finally, he has not shown that the evidence compels a finding he would more likely than not be tortured with governmental acquiescence if repatriated; therefore, substantial evidence supports the BIA's denying CAT relief. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

DENIED.